UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEFFREY BEARY** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 20-9-JWD-SDJ** |
| **CENTENE CORPORATION** | |

<u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 2, 2021.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**JEFFREY BEARY**                                                              **CIVIL ACTION**

**VERSUS**

                                                                                          **NO. 20-9-JWD-SDJ**

**CENTENE CORPORATION**

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Before the Court are the following two (2) Motions: (1) a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, pursuant to Federal Rule of Civil Procedure 12(b)(5), filed by Defendant Centene Corporation ("Centene") (R. Doc. 16); and (2) a Motion for Summary Judgment filed by *pro se* Plaintiff Jeffrey Beary ("Plaintiff") (R. Doc. 19). Centene opposes Plaintiff's Motion for Summary Judgement (R. Doc. 20).

**I.        Relevant Background**

On or about January 6, 2020, Plaintiff initiated this litigation, filing a form Complaint in this Court against Centene.[1]  Plaintiff lists the following as the grounds for his lawsuit: (1) Fair Labor Standards Act, 29 U.S.C. § 215(a)(3); (2) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a); (3) Americans with Disabilities Act, 42 U.S.C. § 12203; (4) First Amendment Claim Asserted Pursuant to 42 U.S.C. § 1983; (5) Louisiana Employment Discrimination Law, La. R.S. 23:301; (6) Louisiana Whistleblower Statute, La. R.S. 23:967; and (7) Unlawful Violation of a Conciliation Agreement, La. R.S. 51:2258.[2]

---

[1] R. Doc. 1 at 2.  Plaintiff listed as Defendant "Centene Corporation and any subsidiaries fully or partially owned, including Louisiana Healthcare Connections."  *Id.* at 1.
[2] *Id.* at 1.

This case arises from Plaintiff's employment with Defendant Centene.  Per Centene, Plaintiff was hired as a data analyst for Centene on March 30, 2014.[3]  "Plaintiff's role included extraction, modeling, and reviewing large amounts of data to provide analytical support for certain business operation decisions."[4]  Prior to the instant suit being filed, Plaintiff filed an administrative charge with the Louisiana Commission on Human Rights.[5]  This Charge ultimately was resolved through mediation, and a Settlement Agreement was signed on April 3, 2019.[6]

Following execution of the Settlement Agreement, Plaintiff, on July 5, 2019, filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").[7]  In that Charge, Plaintiff alleges that he was discharged from his Data Analyst 4 position on March 4, 2019,  because of his disability and in retaliation for complaining about discrimination in a prior EEOC Charge.[8]  He also claims he was falsely accused of writing pornographic stories on the company system and deleting company files.[9]  On or about December 13, 2019, Plaintiff received a notice that the EEOC had determined it was "unable to conclude that the information obtained establishes violations of the statutes," and a right to sue letter was issued to Plaintiff.[10]

Plaintiff then filed the instant lawsuit on January 6, 2020, asserting multiple violations by Centene, as set forth above.[11]  In response to Plaintiff's filing this lawsuit, Centene, on December 1, 2020, filed the instant Motion to Dismiss pursuant to Rule 12(b)(6) or, alternatively, pursuant to Rule 12(b)(5), arguing that Plaintiff's suit should be dismissed based on Plaintiff's failure to state a claim against Centene or, alternatively, based on insufficiency of service of process to

---

[3] R. Doc. 16-1 at 1.
[4] *Id.*
[5] R. Doc. 20 at 2; R. Doc. 1-1 at 2.
[6] R. Doc. 20 at 2; R. Doc. 1-1 at 2-3.
[7] R. Doc. 20 at 2; R. Doc. 1-1 at 5.
[8] R. Doc. 1-1 at 5.
[9] *Id.*
[10] R. Doc 1-1 at 7.
[11] R. Doc. 1 at 1.

Centene.[12]   Plaintiff, on January 25, 2021, then filed his Motion for Summary Judgment, to which

Centene filed its opposition on February 15, 2021.[13]

## II.    Law and Analysis

In its Motion, Centene seeks dismissal under Rule 12(b)(6) or, alternatively, under Rule

12(b)(5).  The Court will first address Defendants' Rule 12(b)(6) Motion to Dismiss before turning

to Centene's alternative request for dismissal pursuant to Rule 12(b)(5).

### A.    Centene's Motions to Dismiss

#### 1.    Rule 12(b)(6) Motion to Dismiss

##### a.    Legal Standards

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal

standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that

the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In order to survive a Rule 12(b)(6) motion,

a pleading's language must, on its face, demonstrate that there exists plausibility for entitlement

to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

"Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task

that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  In determining whether it

is plausible that a pleader is entitled to relief, a court does not assume the truth of conclusory

statements, but rather looks for facts which support the elements of the pleader's claim. *Twombly*,

550 U.S. at 557.  Factual assertions are presumed to be true, but "labels and conclusions" or "a

formulaic recitation of the elements of a cause of action" alone are not enough to withstand a

12(b)(6) motion. *Iqbal*, 556 U.S. at 678. Rather, the "[f]actual allegations must be enough to raise

---

[12] R. Doc. 16-1 at 1.  Centene also asserts that Plaintiff misnamed Centene as the Defendant.  R. Doc. 16-1 at 6.
[13] R. Docs. 19 and 20, respectively.

a right to relief above the speculative level." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). Thus, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 570).

With regard to *pro se* pleadings, they are to be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *see also SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (recognizing the established rule that this court "must construe [a *pro se* plaintiff's] allegations and briefs more permissively"). In most circumstances, a court should allow a plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (plaintiffs generally given a chance to amend before dismissal "unless it is clear that the defects are incurable").

### b.    Dismissal of Plaintiff's Claims

In his Complaint, Plaintiff wholly fails to provide any factual support for any of his claims against Centene. Rather, Plaintiff simply references an attachment to his Complaint titled "Statement of Claim," purported to contain the facts of Plaintiff's case, that Plaintiff did not actually attach to his Complaint.[14] Thus, in the absence of any factual allegations regarding the actions of Centene, the Court finds that Plaintiff has failed to state any potentially viable claim for relief. As such, the Court recommends that Centene's Rule 12(b)(6) Motion to Dismiss be granted. *See Parker v. Kent*, No. 18-544, 2020 WL 6834022, at *2 (M.D. La. Nov. 20, 2020) (dismissing

---

[14] R. Doc. 1 at 3. The Court notes that in his Memorandum in Support of his Motion for Summary Judgment, Plaintiff states that "because the lawyers that represent the Defendant have yet to know exactly what my complaints to the court are I am attaching within this memorandum the original "Statement of Claim" attachments." R. Doc. 19-1 at 1. However, this does not satisfy the requirement of Fed. R. Civ. P. 8(a)(2) that a **complaint**, not a subsequent pleading, must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

certain defendants "[b]ecause Plaintiff has failed to make any factual allegations against [them] in either his Complaint or Amended Complaint"); *Doe v. Steward Health Care Sys. LLC*, No. 18-394, 2018 WL 4233816, at *6 (S.D. Tex. July 31, 2018), *report and recommendation adopted*, No. 18-394, 2018 WL 4232921 (S.D. Tex. Sept. 5, 2018) (dismissing certain of plaintiff's claims because her allegations were merely "conclusory statements entirely unsupported by specific facts"); *Page v. JPMorgan Chase Bank, N.A.*, No. 13-407, 2013 WL 11309350, at *4 (N.D. Tex. Nov. 25, 2013) (granting motion to dismiss finding that "because Plaintiff's amended complaint alleges no specific facts … Plaintiff has failed to state a plausible claim for relief").

### 2. Rule 12(b)(5) Motion to Dismiss

As an alternative to its Rule 12(b)(6) Motion to Dismiss, Centene also seeks dismissal pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure based on insufficiency of service of process.[15]  However, in light of this Court's recommended dismissal of Plaintiff's case based on Rule 12(b)(6), the Court need not reach this issue here.

### 3. Leave to Amend

Despite the shortcomings outlined above, courts are encouraged to grant leave to amend the complaint once to cure such deficiencies before dismissing a lawsuit with prejudice. *See Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) ("Although a court may dismiss [a deficient] claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so.").  Given the record, and Plaintiff's *pro se* status, the Court finds it appropriate to grant Plaintiff leave to file an amended complaint should he wish to cure the foregoing deficiencies.

---

[15] R. Doc.16 at 1.

B.      **Plaintiff's Motion for Summary Judgment**

Finally, the Court turns to Plaintiff's Motion for Summary Judgment (R. Doc. 19). Given this Court's recommendation that Centene's Motion to Dismiss be granted, thereby dismissing Plaintiff's case in its entirety, the Court recommends that Plaintiff's Motion for Summary Judgment be denied as moot. *See Lewis v. Tex. Instruments Inc. Emp. Health Benefits Plan*, No. 12-4577, 2014 WL 3417714, at *1 (N.D. Tex. July 14, 2014) (granting defendant's motion to dismiss and denying as moot plaintiff's motion for summary judgment).

## IV.      Conclusion and Recommendation

For the foregoing reasons,

**IT IS RECOMMENDED** that the Motion to Dismiss filed by Centene Corporation (R. Doc. 16) be **GRANTED**, and that Plaintiff's claims against Centene be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that Plaintiff be ordered to file an amended complaint **within 21 days** of the Court's ruling to the extent Plaintiff wishes to cure the deficiencies of his claim set forth above. Should Plaintiff decline to file an amended complaint, his claims should be dismissed with prejudice and judgment entered in favor of Defendant Centene.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Summary Judgment (R. Doc. 19) be **DENIED AS MOOT**.

Signed in Baton Rouge, Louisiana, on July 2, 2021.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**